# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:17-cv-00223-MR

| | |
|---|---|
| DEBRA ANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 15].

## I.  PROCEDURAL HISTORY

The Plaintiff, Debra Ann Smith ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of May 9, 2012. [Transcript ("T.") at 226]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 152, 164]. Upon Plaintiff's request, a hearing was held on September 22, 2016 before an Administrative Law Judge ("ALJ"). [T. at 46-83]. At the hearing, the Plaintiff amended her alleged onset date to November 30, 2014.

On October 13, 2016, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged amended onset date November 30, 2014. [T. at 17-45]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fourth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since her alleged amended onset date, November 30, 2014. [T. at 22]. At step two, the ALJ found that the Plaintiff has severe impairments including mental disorders, variously characterized as depression, bipolar disorder, unspecified anxiety disorder, post-traumatic stress disorder ("PTSD"), borderline personality disorder, borderline intellectual functioning, as well as chronic obstructive pulmonary disease ("COPD"), asthma, degenerative disc disease, and migraines. [T. at 22-23]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 24]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except she can frequently climb, stoop, crouch and crawl. She must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. She must also avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation in addition to avoiding concentrated exposure to extreme cold. She can perform work that involves tasks of a nature that can be learned within a short demonstration period of up to 30 days. She can work primarily with things rather than with people such that the work contact with others is only on an occasional basis. She can maintain concentration, persistence

> and pace at that limited range of tasks for two hours
> at a time before taking a regularly scheduled break
> and then returning to work throughout the workday.

[T. at 28].

At step four, the ALJ identified Plaintiff's past relevant work as a cleaner. [T. at 38]. The ALJ then found, based upon the testimony of the VE, that the Plaintiff's past relevant work is categorized by the Dictionary of Occupational Titles (hereinafter "DOT") as "Cleaner; Housekeeping" and classified as "light, unskilled work with a [Specific Vocational Preparation] of 2." [Id.]. The ALJ further found, based upon the testimony of the VE, that considering the Plaintiff's RFC and the physical and mental demands of Plaintiff's past relevant work, that the Plaintiff is able to perform her past relevant work as it was actually performed and as it is generally described. [T. at 38-39]. The ALJ therefore concluded that the Plaintiff has not been under a "disability" as defined by the Social Security Act since November 30, 2014, the alleged amended onset date, through October 18, 2016, the date of the ALJ's decision. [T. at 39].

## V. DISCUSSION[1]

In this appeal, the Plaintiff sets out two assignments of error. First, the Plaintiff asserts that the ALJ erred in failing to make "a finding of fact as to the physical and mental demands" of the Plaintiff's past work, as required by Social Security Ruling 82-62. [Doc. 13 at 6]. Second, the Plaintiff asserts that the ALJ erred in failing to identify an apparent conflict between the VE's testimony and the Plaintiff's past work. [Id.]. The Defendant, on the other hand, asserts that the ALJ's decision was supported by substantial evidence and reached through the application of the correct legal standards. [Doc. 16 at 4-8]. The Court turns to the Plaintiff's first assignment of error.

### A. The ALJ's Step Four Findings

At Step Four, the ALJ reviews an individual's RFC and the physical and mental demands of work done in the past. If the individual can still perform that work, either as it was actually performed or as it is generally required by employers throughout the national economy, then a finding of not disabled is mandated. 20 C.F.R. §§ 404.1520(e)(f), 416.920(e)(f), 404.1560(b)(2).

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

8

In determining a claimant's ability to perform past relevant work, the ALJ must make findings of fact regarding: (1) the claimant's RFC; (2) the physical and mental demands of the claimant's past job; and (3) whether the claimant's RFC would allow him or her to return to such past relevant work. SSR 82-62. In making such findings, the ALJ "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).

Here, the Plaintiff testified regarding her past work of cleaning residential homes for eight hours per day for a period of approximately three months. [T. at 78-79]. The VE, based on the hearing testimony and record evidence, as well as consultation with the DOT, categorized this past work as "Cleaner, Housekeeping" (DOT 323.687-014), which is classified as light and unskilled, with an SVP level of 2. The VE further testified that "[t]here's nothing in the record to indicate [Plaintiff's past work] was performed otherwise." [T. at 79]. Notably, the Plaintiff's attorney did not object to this characterization of the Plaintiff's past work. [T. at 79-80]. The VE further opined that the Plaintiff could perform this past relevant work as both actually performed and as generally described. [T. 81]. The ALJ explicitly adopted the VE's opinions in his decision, and thereby adopted the DOT's description

9

of the functional demands and job duties of the Plaintiff's past relevant work as generally required by employers in the national economy. [T. at 39]. Those incorporated functional demands and job duties particularly include the "physical and mental demands" of Plaintiff's past relevant work. Thus, contrary to the Plaintiff's assertion, the ALJ did make the determination called for by SSR 82-62. For these reasons, the Plaintiff's assignment of error is overruled.

## B. ALJ's Failure to Resolve Apparent Conflict

Social Security Ruling 00-4p requires an ALJ to resolve any actual or apparent conflicts between the VE's testimony and the DOT before relying on such testimony to support a determination or decision about whether an individual is disabled. Pearson v. Colvin, 810 F.3d 204, 207-8 (4th Cir. 2015) (citing SSR 00-4p). Here, in response to the ALJ's hypothetical, the VE testified that an individual with the Plaintiff's RFC could perform the occupation of "Cleaner, Housekeeping."

The Plaintiff argues that the ALJ's reliance on this testimony was in error because the DOT indicates that a "Cleaner, Housekeeping" position entails the cleaning of *commercial* establishments, contrary to Plaintiff's past work of cleaning only *residential* homes. [Doc. 13 at 12-18]. The Plaintiff fails to explain, however, how the duties she performed as a house cleaner

10

in a residential setting are inconsistent with the general cleaning duties as set forth in the DOT description of the "Cleaner, Housekeeping" position.

The Plaintiff further suggests that the positions of General House Worker, DOT 301.474-010, and Caretaker, DOT 301.687-010, are more consistent with the job description she provided, as both positions involve cleaning work performed in residential settings. According to the DOT, however, the duties of General House Worker not only include cleaning but also "cook[ing] and serv[ing] meals" and "render[ing] personal services to family members." See DOT 301.474-010. The DOT describes the Caretaker occupation as involving such tasks as cleaning and oiling furnaces, shoveling coal, painting exterior structures, performing yard work, and grooming pets. See DOT 301.474-010. By contrast, the Plaintiff's only description of her past work was that she "cleaned homes." [T. at 78, 253]. The Plaintiff does not point to any evidence that indicates that any of her duties went beyond cleaning or otherwise encompassed the additional duties found in the occupations of Caretaker or General House Worker. The ALJ, therefore, did not err in failing to address these DOT job descriptions.

In response to the ALJ's hypothetical, the VE testified that an individual with the Plaintiff's RFC could perform the occupation of "Cleaner, Housekeeping." The VE testified that her testimony was consistent with the

DOT, and the ALJ so found. Having found no apparent conflict between the VE's testimony and the DOT, the ALJ did not err in relying on the VE's testimony in this regard. This second assignment of error is without merit.

In sum, the Court concludes that the ALJ applied the correct legal principles and that his findings are supported by substantial evidence. Accordingly, the decision of the Commissioner is affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED;** the Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED;** and the decision of the Commissioner is hereby **AFFIRMED**. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge